In the Matter of MANUEL N. ZAPATA and SARA HALBERT, Attorneys, Respondents. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 30, 1974.

*John G. Bonomi* of counsel (*Saul Friedberg* with him on the brief), for petitioner.

*Charles S. Desmond* for respondents.

*Per Curiam.* Respondents, who are partners, were both admitted to the practice of law in 1956. They stand charged with two specifications of professional misconduct: that, having been retained by a client in the City of Newburgh in a case against that city involving the death of an infant daughter and injuries to other family members, all resulting from a fire, they neglected the case until after the Statute of Limitations had run, and without notifying the client until too late; that, after complaint of the neglect had been made to petitioner's Grievance Committee, and without so advising the committee, they attempted to secure withdrawal of the complaint by offering sums of money to the client and his family. The evidence before the Referee bore out the charges, and his findings are confirmed.

To the credit of respondents, they co-operated with the petitioner from the time they were called upon to explain their conduct, and they offered to waive any applicable limitation of time in their favor to permit prosecution of an action against them for malpractice. It should also be observed that the underlying case may well, as respondents claim, lack merit. Be that as it may, there is no excuse whatever for failure so to notify the client timely so that he might have exercised an informed choice. Even though the attempt to buy off the complainant may be construed as a legitimate but ill-advised attempt to reimburse the client's family for so-called "inconvenience" an atmosphere of suspicion is inevitably generated by omission at least to advise the petitioner of the episode. The two charges add up to grave misconduct and might ordinarily call for severe sanction. However, petitioner does not suggest disbarment, apparently in view of respondents' otherwise spotless professional histories, completely inconsistent with the matter here reviewed. This factor, taken together with the circumstance that prejudice to the client and his family, flowing from professional neglect, was minimal, leads us to the conclusion that the ends of justice would best be served by imposition of a period of suspension.

Respondents should be suspended for the period of one year.

MARKEWICH, J. P., LUPIANO, STEUER, TILZER and CAPOZZOLI, JJ., concur.

Respondents each suspended from practice as an attorney and counselor at law for a period of one year, effective January 30, 1975.